McLEAN, Respondent, v. SELLERS, Appellant.

(No. 3,048.)

(Submitted December 15, 1911.  Decided December 28, 1911.)

[120 Pac. 242.]

*Specific Performance—Contract to Convey—Right to Relief.*

> 1.  Defendant entered into a contract to convey land to plaintiff on payment of the price on or before April 15, time being the essence of the contract.  Plaintiff, on April 4, notified defendant that he would be ready that day to complete the sale, but defendant left for parts unknown an hour after the appointed time, and plaintiff, though ready and willing to complete the sale, was unable to locate defendant until about thirty minutes before expiration of the period fixed in the contract, when defendant appeared just before midnight and demanded fulfillment of the contract, thus depriving plaintiff of reasonable opportunity to complete the sale according to the agreement.  *Held,* that plaintiff was entitled to decree to enforce specific performance of the contract.

*Appeal from District Court, Fergus County; Sydney Sanner, Judge of the Seventh Judicial District, presiding.*

Action by E. F. McLean against A. H. Sellers.  From a judgment for plaintiff and from an order denying a new trial, defendant appeals.  Affirmed.

Cause submitted on briefs of counsel.

*Mr. John A. Coleman,* and *Mr. C. A. Linn,* for Appellant.

*Messrs. Ayers & Marshall,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

Action to enforce the specific performance of a written contract for the sale of real estate.  Issue: Whether the defendant secreted or concealed himself for the purpose of preventing a tender of the purchase money.  The court below made the following findings of fact:

"(1) That the defendant was on the 14th day of February, 1910, seised in fee of the following real estate, to-wit [describing it].

" (2) That the plaintiff and defendant entered into an agreement in writing, signed and executed by both parties, whereby plaintiff agreed to buy the above-described real estate and defendant agreed to sell the same to plaintiff for the sum of $10,000, $1 having been paid in cash at the time of execution of the contract. Plaintiff was to pay the balance of $9,999 on or before the 15th day of April, 1910, time being of the essence of the contract.

" (3) That on April 4, 1910, plaintiff caused defendant to be notified that he would at 4 P. M. of that day be ready to complete the sale, by taking the property and paying for the same, according to contract, and defendant did not keep himself in readiness to complete the said deal, but departed from Lewistown, Mont., at about the hour of 5 P. M. of April 4 and went to parts unknown to plaintiff, and that plaintiff made a diligent search and inquiry to find and locate defendant, and plaintiff was at all times from April 4, 1910, ready and willing to complete the sale according to the contract. That the said sale according to the contract was defeated by reason of the defendant leaving Lewistown as aforesaid and going to parts unknown to plaintiff, with the intention or design of avoiding and defeating the completion of the said sale and the execution of the said contract, and defendant did secrete and hide himself from the plaintiff for the purpose of defeating the completion of the sale. That defendant did not permit his whereabouts to be known to plaintiff until the hour of 11:30 P. M. on the night of April 15, 1910, about thirty minutes before the expiration of said contract, and that he then appeared and demanded the fulfillment of the contract at that time. That said hour was unreasonable and the defendant had no intention in good faith of completing said sale or of affording plaintiff a reasonable opportunity so to do. That the plaintiff was always from April 4, 1910, to and including April 15, 1910, ready and willing to complete said sale and comply with the terms of said contract and pay the balance due of $9,999, and on the last day for the performance of said contract did cause the sum of $9,999 in legal tender of the United States of America to

be taken to the defendant's last known place of residence for the purpose of tendering the same to the defendant in accordance with the said contract.''

On the foregoing findings the district court entered a judgment in favor of the plaintiff as prayed for in his complaint. Defendant has appealed from the judgment, and also from an order denying his motion for a new trial.

We find ample evidence in the record to sustain the findings of the court. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.